495 So.2d 283 (1986)
STATE of Florida, Appellant,
v.
Thomas WAGNER, Appellee.
No. 85-2169.
District Court of Appeal of Florida, Second District.
October 3, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellant.
John D. Fernandez, Clearwater, for appellee.
PER CURIAM.
In 1981, Thomas Wagner was sentenced to ten years for importing marijuana. He appealed and, in 1983, this court affirmed. Smith v. State (Thomas Wagner), 438 So.2d 10 (Fla. 2d DCA 1983). Wagner failed to appear to serve his sentence and remained a fugitive until 1985. Upon his recapture, he was charged with the felony of failing to appear to which he pled guilty on the understanding that he would receive a two-year sentence to run concurrently with the ten-year marijuana sentence. The court imposed the two-year concurrent sentence. This constituted a departure from the recommended guidelines range of any nonstate prison sanction. We reverse.
A plea bargain may constitute a clear and convincing reason for a departure from the guidelines. Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984). The record in this case, however, does not support Wagner's contention that he and the state ever struck an agreement that Wagner would receive a two-year concurrent sentence in exchange for his guilty plea. Thus, there was no plea bargain upon which the trial court could base a departure in this case.
There are additional deficiencies in the record which require our reversal. While it appears that the presumptive guidelines range was "any nonstate prison sanction," no scoresheet was prepared. Further, no written reasons supporting a departure were ever entered by the court. Rule 3.701(d)(1) and (11), Florida Rules of *284 Criminal Procedure, require the preparation of a scoresheet and the entry of written reasons for any departure. Consequently, we reverse for resentencing in accord with State v. Jackson, 478 So.2d 1054 (Fla. 1985), Kennedy v. State, 490 So.2d 195 (Fla. 2d DCA 1986), and Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984), for preparation of a scoresheet and a written order indicating the court's clear and convincing reasons for its departure sentence.
We further comment that since Wagner has commenced service of his sentence, he may not be resentenced to a greater term of imprisonment. Such a sentence would constitute double jeopardy. Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984).
Reversed and remanded for resentencing.
DANAHY, C.J., and CAMPBELL and LEHAN, JJ., concur.