SHIVERS, Judge.
This is an appeal from the trial court’s denial of appellant’s motion to withdraw a plea of nolo contendere. We reverse and remand for the court to allow withdrawal of the plea.
The record indicates that, on August 11, 1986, appellant entered pleas of nolo con-tendere to charges of vehicular homicide and driving with a suspended or revoked license. Under the terms of a written “plea, waiver and consent” (which was signed on August 11 by appellant, his attorney, the assistant state attorney, and the trial court), appellant was to receive a guideline sentence, was to not be sentenced as a habitual offender, and was to receive concurrent sentences on the two charges to which he entered the pleas of nolo contendere. In addition, the State agreed to drop one remaining charge of DWI manslaughter, and to remain silent at sentencing.
On September 29, the date set for hearing, appellant’s counsel moved to withdraw the pleas of nolo contendere, on the basis that it was appellant’s understanding that the sentencing guidelines would recommend community control to 30 months, rather than three to seven years. In response, the assistant state attorney not only argued against the motion to withdraw the plea, but specifically asked the court to impose a five-year sentence on the appellant. The trial court denied the motion to withdraw, and appellant’s counsel presented an argument in mitigation of the maximum sentence. Once again, the assistant state attorney responded, this time arguing that it disagreed with appellant’s recitation of the facts and stating that the facts were “highly suggestive.” At that point, appellant renewed his motion to withdraw the nolo contendere plea, on the basis of the assistant state attorney’s comments.
Since the State violated the terms of the plea agreement by failing to “remain silent,” appellant should have been permitted to withdraw his plea. Lollar v. State, 443 So.2d 1079 (Fla. 2d DCA 1984); Fortini v. State, 472 So.2d 1383 (Fla. 4th DCA 1985). We therefore vacate the sentence imposed by the trial court and remand for the parties to be placed in the position in which they stood prior to the plea agreement. Macker v. State, 500 So.2d 256 (Fla. 3d DCA 1986).
THOMPSON and ZEHMER, JJ., concur.