ON MOTION TO WITHDRAW MANDATE
PER CURIAM.
Appellant, Walter Jackson, pursuant to a plea agreement with the state, entered a plea of nolo contendere to one count of vehicular homicide and one count of driving with a suspended or revoked license. As part of the agreement, the state agreed to drop a DUI manslaughter charge and further agreed that Jackson would receive a guideline sentence, that he would not be sentenced as an habitual offender, that the two sentences would run concurrent to each other, and that the state would remain silent at sentencing. A sentencing hearing was held on September 29, 1986, at which the state did not abide by its agreement to remain silent, and Jackson moved to withdraw his plea. The trial court denied Jackson’s motion to withdraw plea and sentenced appellant to serve concurrent five-year and one-year terms of imprisonment. Appellant began serving his sentences immediately after imposition and appealed the denial of his motion to withdraw plea. In an opinion filed November 11, 1987, Jackson v. State, 515 So.2d 349 (Fla. 1st DCA 1987), we reversed the trial court's denial of the motion to withdraw plea and remanded for the parties to be placed in the position in which they stood prior to the plea agreement. Mandate was issued by this court on December 1, 1987.
Meanwhile, Jackson was discharged by the Department of Corrections on November 3,1987, having completed service of the sentence of imprisonment as reduced by credit for time served before sentencing and gain time earned in prison. Thus, after receiving the mandate, Jackson requested the trial court to “revoke” his motion to withdraw plea. The trial court “refused” the request, had appellant arrested on the original charges, released him on a $10,000 bond, and scheduled trial on all charges for March 22, 1988. As a consequence, on February 24, 1988, Jackson filed his motion to withdraw mandate with this court. It is perfectly apparent that Jackson, having fully served the sentence of imprisonment, no longer desires to pursue his motion to withdraw plea and wants this criminal proceeding to end. There is no reason why the state’s interest in this prosecution will not be fully served by permitting the appellant to abandon his motion to withdraw plea and let the judgment and sentence imposed upon his original nolo contendere plea stand. To do otherwise only adds unnecessary workload to an already overburdened judicial system and further drains limited public resources. No doubt the trial court below felt bound by the opinion and mandate issued by this court in *295 denying Jackson’s request to abandon and the motion to withdraw plea and proceed with the trial on March 22, 1988, as presently scheduled, but we perceive no compelling need to force Jackson and the state to proceed to trial in this case.
Unfortunately, Jackson’s motion to withdraw mandate is not an appropriate vehicle for this court to give relief to Jackson or review the order below. A motion to withdraw mandate may be granted by this court only during the term in which it is issued. Barth v. City of Miami, 146 Fla. 542, 1 So.2d 574 (1941). The term during which the mandate was issued on December 1, 1987, ended in January 1988. § 35.10, Fla.Stat. (1987). Appellant may, however, secure appropriate relief by filing a sufficient petition pursuant to rule 9.100, Florida Rules of Appellate Procedure, seeking a writ of mandamus or a writ of certio-rari to review the trial court’s order denying defendant’s motion, to withdraw or abandon his motion to withdraw plea.
Accordingly, the instant motion to withdraw mandate is denied without prejudice to appellant’s right to seek further relief by filing an appropriate application for writ pursuant to rule 9.100, Florida Rules of Appellate Procedure.
SHIVERS, THOMPSON and ZEHMER, JJ., concur.