527 So.2d 845 (1988)
Walter JACKSON, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 88-677.
District Court of Appeal of Florida, First District.
May 27, 1988.
On Motion for Rehearing and Rehearing July 1, 1988.
*846 Michael E. Allen, Public Defender, and Pamela D. Presnell, Asst. Public Defender, for petitioner.
Robert A. Butterworth, Atty. Gen., Henri Cawthon, Asst. Atty. Gen., and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for respondent.
On Motion for Rehearing and Rehearing En Banc July 1, 1988.
PER CURIAM.
Petitioner Walter Jackson, pursuant to a plea agreement with the state, entered a plea of nolo contendere to one count of vehicular homicide and one count of driving with a suspended or revoked license. As part of the agreement, the State agreed to drop a DUI manslaughter charge and further agreed Jackson would receive a guideline sentence, that he would not be sentenced as an habitual offender, that the two sentences would run concurrent to each other and State would remain silent at sentencing. A sentencing hearing was held September 29, 1986, at which the State did not abide by its agreement to remain silent and Jackson moved to withdraw his plea. The trial court denied Jackson's motion to withdraw plea and sentenced petitioner to serve concurrent five-year and one-year terms of imprisonment. Petitioner began serving his sentences immediately after imposition and appealed the denial of his motion to withdraw plea. In an opinion filed November 11, 1987, Jackson v. State, 515 So.2d 349 (Fla. 1st DCA 1987), we reversed the trial court's denial of the motion to withdraw plea and remanded the parties to be placed in the position in which they stood prior to the plea agreement. Mandate was issued by this court December 1, 1987.
Meanwhile, Jackson was discharged by the Department of Corrections on November 3, 1987, having completed service of the sentence of imprisonment as reduced by credit for time served before sentencing and gain time earned in prison. Thus, after receiving the mandate, Jackson requested the trial court to "revoke" his motion to withdraw plea. The trial court "refused" the request, had petitioner arrested on the original charges, released him on a $10,000 bond, and scheduled trial on all charges for March 22, 1988. As a consequence, on February 24, 1988, Jackson filed a motion to withdraw mandate with this court.
That motion was denied solely due to the expiration of the term of court in which the mandate had issued. Jackson v. State, 521 So.2d 293 (Fla. 1st DCA 1988); (Jackson II). In Jackson II, we noted there was no reason why the State's interest in prosecuting Jackson would not be fully served by permitting him to abandon his motion to withdraw. We expressly noted that to do otherwise would only add unnecessary workload to an already overburdened judicial system and further drain limited public resources. Accordingly, the denial of the motion to withdraw the mandate was without prejudice to Jackson's right to seek relief by petitioning for writ of certiorari or other extraordinary writ in the event the trial court denied Jackson's motion to abandon his motion to withdraw plea.
Subsequently, the trial court refused to allow Jackson to abandon his motion to withdraw, and again set a trial date. Jackson now seeks certiorari review of the trial court's ruling. The State was ordered to show cause why the petition should not be *847 granted. The response is reproduced here in its entirety:
Counsel for Respondent hereby states:
(1) This Court has previously stated that Petitioner should be permitted to abandon his motion to withdraw plea;
(2) Respondent is prepared to try Petitioner for all offenses as it was this Court which ruled Petitioner's plea invalid;
(3) Respondent does not object to proceeding to jury trial. WHEREFORE, Counsel for Respondent urges this Court to DENY all relief requested by Petitioner, and allow Petitioner to exercise his right to a trial by jury.
Thus, respondent made no attempt to rebut the observations found in Jackson II regarding the apparent waste of resources a new trial would entail. Nor has respondent offered any insight into what it hopes to accomplish by proceeding to trial on charges for which petitioner has already served and completed his sentence. If petitioner desired to exercise his right to a jury trial, circumstances would be different. However, he has made it more than clear that he does not wish to do so.
In continuing to oppose petitioner's attempts to abandon his motion to withdraw plea, respondent has already necessitated the expenditure of considerable judicial time and labor. Respondent has not offered a justification for that expenditure. Instead, respondent expresses a desire to proceed to trial on charges for which respondent implicitly admits that petitioner may not be resentenced. Respondent acknowledges that this court has stated that petitioner should be allowed to abandon his motion to withdraw plea. While making this acknowledgment, respondent has not offered any explanation for its continued opposition to petitioner's request. Under the circumstances, we find petitioner entitled to the relief he seeks.
Accordingly, the petition for writ of certiorari is granted, and the trial court is ordered to discharge petitioner immediately.
SHIVERS, THOMPSON and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING AND REHEARING EN BANC
PER CURIAM.
In its motion for rehearing and rehearing en banc, respondent has suggested that if petitioner is discharged as ordered by this court, "petitioner will have no conviction whatsoever for his alleged criminal acts... ." The opinion is clarified to the extent necessary to show that the effect of the decision is to leave the original conviction for vehicular homicide and driving with a suspended or revoked license intact. In all other respects, the motion for rehearing and for rehearing en banc is denied.