547 So.2d 1273 (1989)
John Joseph BERRY, Billy Ray Wood and Walter Wayne McMillian, Appellants,
v.
STATE of Florida, Appellee.
Nos. 88-2715, 88-2716, 88-2717.
District Court of Appeal of Florida, First District.
August 24, 1989.
Michael E. Allen, Public Defender; David P. Gauldin, Asst. Public Defender, Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen., Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The defendants in these consolidated cases appeal from an order of the trial court vacating and setting aside, on the state's motion, the defendants' negotiated guilty pleas and sentences on the grounds that the prosecutor and the trial court mistakenly believed at the time of sentencing that the guidelines scoresheet was accurate when in fact, upon discovery of the failure to score certain offenses, it was realized that the applicable guidelines range should have been greater. In addition to vacating the sentences and guilty pleas, the order further provided that the defendants stand trial on the subject charges. We treat the defendants' consolidated appeals as petitions for certiorari and grant the same. See Jackson v. State, 527 So.2d 845 (Fla. 1st DCA 1988).
The resolution of this case is controlled by the line of cases exemplified by Doe v. State, 492 So.2d 842 (Fla. 1st DCA 1986) (even where the original sentence was a *1274 result of misrepresentation by the defendant  not involved in the instant case  trial court may not impose a greater sentence once defendant starts to serve original sentence). The subject order is no less erroneous because a greater sentence has not yet been imposed. The order is clearly erroneous and meets the criteria for relief via the remedy of certiorari. See State v. Pettis, 520 So.2d 250, 254 (Fla. 1988).
Certiorari granted, and cause remanded to trial court with directions to vacate the subject order and reinstate the judgments and sentences.
THOMPSON, WIGGINTON and NIMMONS, JJ., concur.