596 So.2d 711 (1992)
Jorge Luis GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1861.
District Court of Appeal of Florida, Third District.
February 21, 1992.
Haber & Roth and Martin L. Roth, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Jorge Espinosa and Roberta Mandel, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
Gonzalez was charged with violation of probation and purchasing cocaine within 1000 feet of a school. The state offered to recommend a two and one-half year sentence  less than the three year minimum mandatory required by section 893.13(1)(e)1, Florida Statutes (1989)  in return for a guilty plea. The trial court then proposed a two year sentence, with which the state concurred and which was accepted by Gonzalez. He was thereupon duly adjudicated and sentenced to two years. The next day, however, after he had begun to serve the sentence, the state moved to vacate the sentence on the sole ground that it had agreed to the sentence only under the mistaken belief that it was in the applicable guidelines range, when in fact Gonzalez fell within a higher range.[1] Although stating that the admitted error "was a mistake and not a situation where anybody deliberately attempted to mislead the Court ...", the trial judge granted the motion to vacate the adjudication and sentence.[2] The defendant then pled nolo contendere but was this time sentenced to five and a half years  which was within the objectively correct guidelines  subject to the statutory three year minimum mandatory requirement.
It is entirely clear that the resentencing to a greater term after the entry of a jurisdictionally permissible sentence which the defendant had commenced to serve was unequivocally a violation of his double jeopardy rights  one which cannot constitutionally be justified by the prosecution's simple unilateral mistake in recommending and concurring in the sentence. Troupe v. Rowe, 283 So.2d 857, 860 (Fla. 1973) ("Jeopardy had attached in petitioner's case and sentence which had been imposed could not *712 thereafter be increased (as the second assistant state attorney's position would do) in violation of defendant's constitutional guaranty not be twice placed in jeopardy."); State v. Wagner, 495 So.2d 283, 284 (Fla. 2d DCA 1986) ("[S]ince Wagner has commenced service of his sentence, he may not be resentenced to a greater term of imprisonment. Such a sentence would constitute double jeopardy. Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984)."); Macias v. State, 572 So.2d 22, 23 (Fla. 4th DCA 1990) ("[A]n increase of a lawful sentence is expressly prohibited by case law and constitutes double jeopardy."); Berry v. State, 547 So.2d 1273, 1274 (Fla. 1st DCA 1989) ("[The] court may not impose a greater sentence once [the] defendant starts to serve original sentence."); See Madrigal v. State, 545 So.2d 392, 395 (Fla. 3d DCA 1989) ("[T]he prosecutor had the right, and the binding duty if Madrigal complied, to recommend a sentence less than that provided by section 893.135(1)(b)(2)), Florida Statutes (1985)."); State v. Collins, 482 So.2d 388 (Fla.5th DCA 1985) (state agreement justifies downward departure); State v. Devine, 512 So.2d 1163 (Fla. 4th DCA 1987) (same), review denied, 519 So.2d 988 (Fla. 1987).
Accordingly, the "second" sentence is reversed and the cause remanded with directions to resentence Gonzalez forthwith to the two year term originally imposed, with credit for the time served in the interim.
No motion for rehearing will be considered and the mandate will issue instanter.
Reversed, remanded with directions.
NOTES
[1] As it developed, the assistant state attorney had simply mistakenly translated Gonzalez's point total into the wrong, lower range.
[2] This court's denial of Gonzalez's application for review of this order, see Gonzalez v. Shapiro, 574 So.2d 1193 (Fla. 3d DCA 1991), has nothing to do with the issue now before us, which is the permissibility of the subsequent resentencing to a greater term than that originally imposed.