839 So.2d 911 (2003)
John Stephen ZIELKE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3396.
District Court of Appeal of Florida, Fifth District.
March 14, 2003.
*912 Robert Augustus Harper and Michael Robert Ufferman, of Robert Augustus Harper Law Firm, P.A., Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION TO RECALL MANDATE
GRIFFIN, J.
This matter is before the court on appellant's motion to recall mandate and consider appellant's motion for rehearing as timely filed. For the reasons set forth below, we grant the motion to withdraw mandate. We also consider and grant the motion for rehearing, withdraw our previous per curiam affirmance and issue a new opinion.
Appellant, John Stephen Zielke ["Zielke"], filed an appeal of a summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct his sentence. This court affirmed, per curiam, on December 23, 2002. Zielke had until January 7, 2003, to timely file his motion for rehearing of our decision. Fla. R.App. P. 9.330(a). Zielke's counsel, who is located in Tallahassee, transmitted the motion on January 6 by United States Postal Service overnight delivery Express Mail. Although the postal service received the motion on January 7, it did not deliver the motion to the court until January 8, 2003. The court's mandate issued on January 9, 2003, apparently on the premise that no timely motion had been filed. Upon receipt of the mandate, Zielke's counsel prepared the instant motion to recall the mandate, setting forth the reason for the tardy filing, which was received by the court on January 15, 2003. In the meantime, this court's term ended on January 13, 2002, and the new term commenced on January 14, 2003. On January 16, prior to receipt of the instant motion, the motion for rehearing was stricken as untimely.
*913 Upon receipt of appellant's motion and the explanation of the reason for the tardy filing, the panel agreed that the mandate should be withdrawn, the motion for rehearing accepted as timely, and the motion considered on the merits. The question arose, however, whether the court's jurisdiction had ended by virtue of the expiration of the term of court during which the mandate had issued. See State Farm Mutual Auto. Ins. Co. v. Judges of District Court of Appeal, Fifth District, 405 So.2d 980 (Fla.1981). We conclude that our jurisdiction had not expired because a motion for rehearing subsequently determined by us to be timely was filed and pending when the prior term of court ended. This being so, the mandate was improvidently issued and should be withdrawn. Moreover, the fifteen-day filing deadline set forth in Florida Rule of Appellate Procedure 9.330(a) is not jurisdictional. The failure to file the motion by January 7 was not fatal to our jurisdiction, and the motion remained pending when the new term of court began. No action was taken to strike the motion for rehearing until after the new term of court had begun and shortly thereafter, we determined that the motion for rehearing was improvidently stricken. Accordingly, we have jurisdiction and determine that the mandate should be withdrawn. See Thompson v. Singletary, 659 So.2d 435 (Fla. 4th DCA 1995).
Having now considered the motion for rehearing on the merits, we grant the motion and issue the following opinion.
AFFIRMED. See Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001).
ORFINGER, J., and HARRIS, C., Senior Judge, concur.