885 So.2d 478 (2004)
Matthew J. PLUCINIK, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D04-2772.
District Court of Appeal of Florida, Fifth District.
October 29, 2004.
*479 Matthew J. Plucinik, Bushnell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Respondent.
SHARP, W., J.
Plucinik seeks certiorari review of the trial court's order, which denied his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(c), for modification of his sentence. We deny the petition without prejudice to file a renewed Rule 3.800(c) motion after Plucinik seeks and obtains recall of the mandate issued in 5D03-2514.
The circumstances of this case are somewhat complex. The trial court denied Plucinik's motion, not on the merits, but because it was untimely and the court lacked jurisdiction to act on the motion.[1] At the time of making its decision, the trial court was correct, because Plucinik had failed to file his motion for purposes of the mailbox rule until July 9, 2004, more than 60 days after this court issued its mandate.[2]
However, Plucinik argues that this court was premature in issuing its mandate, since he had filed a motion for rehearing which was pending at the time the mandate issued. Pursuant to Rule 9.330(a), a motion for rehearing may be filed within 15 days after the appellate court has issued its decision. Plucinik filed his motion for rehearing, for purposes of the mailbox rule, on April 26, 2004, as indicated by the Sumter Correctional Institution filing stamp.[3] This court issued its mandate on April 30, 2004, and denied the motion for rehearing as untimely two weeks later. Thus it appears this court's mandate was prematurely issued.
Next, the question of whether this court can recall its mandate arises because this court's per curiam affirmance in 5D03-2514 and mandate were issued during the January 2004 term and the court is presently in its July 2004 term of court. The general rule is that a motion to withdraw a mandate may be granted only during the term in which it is issued.[4]
However, this court has recognized a narrow exception for circumstances like those in this case. In Zielke v. State, 839 So.2d 911 (Fla. 5th DCA 2003), the mandate was improvidently issued on the erroneous conclusion that no timely motion for rehearing had been filed. Even though the term of court had already expired, this court granted a motion to recall the mandate, after it determined the motion for *480 rehearing had, in fact, been timely. The court explained:
We conclude that our jurisdiction had not expired because a motion for rehearing subsequently determined by us to be timely was filed and pending when the prior term of court ended. This being so, the mandate was improvidently issued and should be withdrawn.
839 So.2d at 913.
Thus, we conclude that Plucinik is entitled to seek recall of the mandate issued in his case. Because the trial court was correct in concluding Plucinik's motion was untimely based on the status of the present record in his case, we deny his petition. However, our denial is without prejudice to Plucinik to seek recall of the mandate issued in 5D03-2514, in this court, and to request consideration on the merits of his timely motion for rehearing. Depending on the disposition of the motion for rehearing, Plucinik is also without prejudice to file a renewed motion, pursuant to Rule 3.800(c), in the trial court and to obtain a ruling on the merits, provided that renewed motion is timely with regard to any mandate subsequently issued by this court.
DENIED without prejudice.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] See Dominguez v. State, 556 So.2d 499 (Fla. 1st DCA 1990).
[2] This court issued a per curiam affirmance in 5D03-2514 on April 13, 2004 and the mandate issued on April 30, 2004.
[3] See Fla. R.App. P. 9.420(a); Thompson v. State, 761 So.2d 324 (Fla.2000).
[4] See State Farm Mutual Auto. Ins. Co. v. Judges of the Dist. Ct. of App., 5th Dist., 405 So.2d 980 (Fla.1981); Jackson v. State, 521 So.2d 293 (Fla. 1st DCA 1988).