911 So.2d 196 (2005)
Oza JENKINS, Appellant,
v.
MOTOROLA, INC. and Cingular Wireless LLC, Appellees.
No. 3D04-2241.
District Court of Appeal of Florida, Third District.
September 21, 2005.
*197 Oza Jenkins, in proper person.
Shook, Hardy & Bacon and John M. Barkett and Daniel B. Rogers, Miami, for appellees.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
SUAREZ, J.
Plaintiff, Oza Jenkins ("Jenkins"), appeals from the trial court's Order Denying Plaintiff's Motion to Disqualify and Granting Defendants' Motion to Dismiss. The primary issue on appeal is whether the trial judge erred in denying a motion to disqualify after having previously granted a motion disqualifying himself. We find that the trial judge had no jurisdiction to deny the Motion to Disqualify and reverse.
Jenkins filed a Complaint and Demand for Non-Jury Trial against defendants, Motorola, Inc. and Cingular Wireless LLC ("Motorola" and "Cingular"), on January 21, 2004, in the Circuit Court of Miami-Dade County, Florida. The case was removed to federal court and was later remanded back to the circuit court. The record on appeal shows that on July 1, 2004, after remand, the circuit court trial judge received in his chambers Jenkins' Motion to Disqualify. Written in long-hand across the top of the typed motion, in blue ink, is the word "granted," the trial judge's signature, and the date "7/6/04." The motion was filed for record with the Clerk of the Circuit Court on July 7, 2004. On July 8, 2004, Motorola and Cingular filed their Motion to Dismiss Amended Complaint. On July 28, 2004, the trial court heard Motorola's and Cingular's Motion to Dismiss (a hearing at which Jenkins failed to appear). The trial judge denied Jenkins' Motion to Disqualify as legally insufficient and granted the Motion to Dismiss Amended Complaint. The judge stated that he had no recollection of granting the July 1, 2004 Motion to Disqualify. He stated that he did not intend to grant the motion as it was legally insufficient. Additionally, he thought the motion was related to another case filed by Ms. Jenkins and not the present case.
A judge who enters an order disqualifying himself or herself is barred from further participation in the case. Fla. R. Jud. Admin. 2.160(f). Once a trial judge enters an order of disqualification, he or she may not reconsider the decision to disqualify. State v. Schack, 617 So.2d 832, 833-34 (Fla. 4th DCA 1993). A trial judge may not reconsider an order of disqualification even if the trial judge entered the order in error. In Deberry v. Ward, 625 So.2d 992 (Fla. 4th DCA 1993), a case factually similar to the present case, the trial judge granted a motion to disqualify. Upon rehearing, he reinstated himself noting that he had made a clerical mistake and did not intend to sign the order to disqualify. The Fourth District Court of Appeal reversed finding that once the order to disqualify had been signed, even though in error, the trial judge had no authority to entertain any other motions including a motion for rehearing. An order entered by a trial judge who has been disqualified is void. See Stimpson Computing Scale Co. v. Knuck, 508 So.2d 482 (Fla. 3d DCA 1987). Once the trial judge in this action, although inadvertently, granted on July 6, 2004, Jenkins' Motion to Disqualify, he no longer had jurisdiction to entertain any other motion. Therefore, the July 29, 2004 Order Denying Plaintiff's Motion to Disqualify and Granting Defendants' Motion to Dismiss is void.[1] Accordingly, *198 we reverse and remand for the case to be reassigned for further proceedings.
Reversed and remanded with instructions.
NOTES
[1] This Court makes no determination as to the merits of Motorola's and Cingular's Motion to Dismiss Amended Complaint.