914 So.2d 494 (2005)
Phillip Alexander GOOLSBY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3219.
District Court of Appeal of Florida, Fifth District.
November 10, 2005.
*495 Phillip A. Goolsby, DeFuniak Springs, Pro Se.
No Appearance for Appellee.
ORFINGER, J.
Philip Alexander Goolsby was convicted of three counts of sexual battery on a child and one count of lewd act on a child. His convictions and sentences were affirmed on direct appeal. See Goolsby v. State, 736 So.2d 1204 (Fla. 5th DCA 1999). Goolsby then filed a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial judge, the Honorable Margaret T. Waller, ordered an evidentiary hearing on several issues raised in Goolsby's motion, and wrote in the same order:
[T]he Honorable Margaret T. Waller believes that it would be inappropriate for her to consider the matter of the ineffective assistance of trial counsel because the trial counsel in this case is the public defender currently assigned to her courtroom and appearing before her daily. The Honorable Anthony Johnson, the trial judge, has agreed to hear the matters at the evidentiary hearing.
Nonetheless, for reasons not apparent in the record before us, Judge Waller presided over the evidentiary hearing and entered an order denying Goolsby's postconviction motion. Goolsby appealed, and this Court affirmed. See Goolsby v. State, 860 So.2d 991 (Fla. 5th DCA 2003). Judge Waller's participation in the proceeding was not raised in that appeal. Subsequently, Goolsby filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(4). In that motion, Goolsby alleged that Judge Waller should not have presided over his rule 3.850 hearing after recusing herself from *496 the matter. Goolsby argued that Judge Waller's order denying his rule 3.850 motion was void, and that he was entitled to a new hearing. Judge Waller denied Goolsby's motion for relief from judgment, stating:
In the instant motion, Defendant seeks vacation of this Court's Order Denying Motion for Postconviction Relief, entered on July 31, 2002, based on his belief that the undersigned judge had no authority to preside over the evidentiary hearing or to issue a final order on his Rule 3.850 motion, having previously recused herself from the case.
Defendant's motion must be denied because neither party requested recusal of the undersigned judge, nor was a formal recusal order ever entered in this case. As such, the undersigned judge did have authority to preside over the hearing and issue the final order.
At the outset, we observe that rule 1.540 has no application to this matter. By its own terms, rule 1.540 applies only to civil matters, not to collateral claims associated with criminal convictions. Steinhorst v. State, 636 So.2d 498, 500 (Fla.1994). However, because it appeared that Goolsby might be entitled to relief, we elected to treat this matter as a petition for writ of mandamus. To us, mandamus seems the appropriate remedy to compel the trial court to afford him a new hearing on the postconviction motion, if he can demonstrate a clear legal right to such a hearing and an indisputable legal duty on the part of the court to conduct such a hearing. Fla. League of Cities v. Smith, 607 So.2d 397 (Fla.1992).
A judge who enters an order disqualifying herself is barred from further participation in the case, Florida Rule Judicial Administration 2.160(f), and may not reconsider the decision to disqualify herself, State v. Schack, 617 So.2d 832, 833-34 (Fla. 4th DCA 1993), even if the order was entered in error. Deberry v. Ward, 625 So.2d 992 (Fla. 4th DCA 1993). As a result, any order entered simultaneously with the order of recusal, as well as any subsequent orders she enters in that case, are void and have no effect. Jenkins v. Motorola, Inc., 911 So.2d 196 (Fla. 3d DCA 2005); see Davis v. State, 849 So.2d 1137, 1138 (Fla. 1st DCA 2003); Haverty v. State, 830 So.2d 264 (Fla. 5th DCA 2002); Thomas v. State, 756 So.2d 217 (Fla. 4th DCA 2000).
In denying Goolsby a new hearing on his rule 3.850 motion, Judge Waller concluded that she had not recused herself from Goolsby's case. We disagree, and conclude that a fair reading of Judge Waller's order, stating that it would be "inappropriate for her to consider the matter," was sufficient to constitute a recusal.[1] Obviously, Judge Waller felt uncomfortable judging the effectiveness of the assistant public defender assigned to her on a regular basis. Consequently, she entered an order of recusal, and was thereafter precluded from any further participation in the case.
In its response, the State argues that Goolsby waived the issue because neither he nor his appointed counsel objected to Judge Waller presiding over the evidentiary hearing. That argument would be persuasive if the order denying Goolsby's rule 3.850 motion was voidable rather than void, but that is not the case. Any order entered by a recused judge is void. Jenkins. A void order has no force or effect *497 and is a nullity. See Gotshall v. Taylor, 196 So.2d 479, 481 (Fla. 4th DCA 1967).
We conclude that the order denying Goolsby's rule 3.850 motion is void and without effect because Judge Waller, having previously recused herself, was without authority to enter any orders on the merits of the postconviction motion. Dream Inn, Inc. v. Hester, 691 So.2d 555, 556 (Fla. 5th DCA 1997) (explaining that any order a judge enters simultaneously with the order of recusal, as well as after his recusal, is void). For the foregoing reasons, we treat Goolsby's filing as a petition for writ of mandamus, grant the petition, and remand this matter to the trial court with directions that Goolsby's postconviction motion be reconsidered de novo by a different judge.
PETITION FOR MANDAMUS GRANTED.
PLEUS, C.J., and GRIFFIN, J., concur.
NOTES
[1] Black's Law Dictionary defines recuse as "to remove (oneself) as a judge in a particular case because of prejudice or a conflict of interest. . . ." Black's Law Dictionary 1281 (7th ed. 1999).