PALMER, J.
In this eminent domain lawsuit, Michael McMurrer, George Brady, Amelia Brady and Mack Sparks (landowners) appeal the non-final order entered by the trial court granting appellee Marion County’s motion to reinstate a quick-take order.[1] Concluding that the trial court was without authority to reinstate the quick-take order, we reverse.
Marion County initiated an eminent domain petition against the landowners regarding property which was purportedly needed to widen a road. After a hearing, the trial court entered a written order of quick-taking and directed the County to deposit a good-faith estimate of the value of the property into the registry of the court within 20 days, as is required by section 74.051(3) of the Florida Statutes (2005).[2]
Of importance to this appeal, the deposit was not made by the County until 25 days after the date the taking order was entered (and thus five days late).
On the same day that the deposit was made by the County, the landowners filed *21 a motion to vacate the trial court’s quick-take order. The motion argued that, pursuant to the specific language set forth in section 74.051(3) of the Florida Statutes, the County’s failure to timely make the deposit voided the trial court’s quick-take order.
The County responded by immediately filing a motion to “reinstate” the trial court’s quick-take order. The motion explained that the delay in making the deposit was due to inadvertence and excusable neglect.
The trial court conducted a hearing on the pending motions. At the hearing, counsel for the County explained that, although the County’s good-faith deposit check had been prepared in a timely fashion, it had not been timely delivered to the court registry because the employee who was responsible for doing so had been called out of town on a family emergency. Counsel further explained that immediately upon his return to work, the employee discovered the problem and made the deposit; however, the deposit was five days late. Counsel argued that, since no prejudice had been pled or proven by the landowners, it was within the trial court’s authority to reinstate its quick-take order.
Upon review, the trial court entered an order reinstating the quick-take order “in the interest of justice.” The landowners appeal from this order, arguing that the trial court reversibly erred by reinstating its quick-take order. We agree.
Generally, our courts must strictly construe the provisions of Florida’s eminent domain statutes, as well as Florida case law regarding same, in favor of the landowner, and said statutes and case law must be substantially complied with by the condemning party. See Tosohatchee Game Preserve, Inc., v. Central & Southern Florida Flood Control Dist., 265 So.2d 681 (Fla.1972).
Here, the County proceeded with its eminent domain claim against the landowners pursuant to the quick-take provisions set forth in Chapter 74 of the Florida Statutes. Said provisions authorize the County to take possession and title to real property in advance of the entry of a final eminent domain judgment. Section 74.051(3) states that a quick-take order “shall not become effective unless the deposit of the required sum is made in the registry of the court” and that, if “the deposit is not made within 20.days from the date of the order of taking, the order shall be void and of no further effect.” § 74.051(3), Fla. Stat. (2005).
Here, the trial court erred in reinstating its quick-take order because the evidence was undisputed that the County failed to timely deposit its good-faith estimate and, thus, pursuant to the express language of section 74.051(3), the court’s quick-take order was rendered “void and of no further effect”. A void order cannot be reinstated because, by definition, a void order “is a nullity.” Goolsby v. State, 914 So.2d 494 (Fla. 5th DCA 2005).
The landowners argue that, since the trial court’s quick-take order is a nullity, it necessarily follows that the entire proceeding below was void and, therefore, the trial court must dismiss the County’s eminent domain petition. We disagree.
Section 74.051(3) of the Florida Statutes, expressly states that an untimely deposit of good-faith funds results in a quick-take order that is void. However, the statute does not provide that the entire eminent domain proceeding is void. In contrast, section 73.111 of the Florida Statutes expressly provides that, in “slow-take” eminent domain proceedings, an untimely deposit of good-faith funds results in “the *22 proceeding” being “null and void”. Since the Legislature specifically opted to use the word “order,” not “proceeding”, in its quick-take statute, it would be improper for this court to interpret section 74.051 broadly so as to void the entire proceeding below.
The landowners also challenge the correctness of the trial court’s quick-take order, arguing that procedural irregularities which occurred during the course of the eminent domain proceedings rendered the proceedings fatally flawed. Further, they argue that the Board of County Commissioners did not properly consider the relevant factors determined by the law to be a condition precedent to enacting a resolution to take land and, accordingly, no order of taking can properly be entered in this proceeding. We do not reach these arguments since, by virtue of our decision herein, no order of taking currently exists for our review. However, such arguments may possess merit and the landowners are not precluded from raising those arguments in any further proceedings.
REVERSED and REMANDED.
THOMPSON and MONACO, JJ., concur.

. Jurisdiction is proper pursuant to rule 9.130(a)(3)(C)(ii) of the Florida Rules of Appellate Procedure which authorizes review of orders determining the right to immediate possession of property. See Security Management Corp. v. State, Dept. of Transp., 718 So.2d 339 (Fla. 4th DCA 1998).

. Section 74.051(3) of the Florida Statutes (2005) provides:
74.051. Hearing on order of taking
[[Image here]]
(3) The court may fix the time within which and the terms upon which the defendants shall be required to surrender possession to the petitioner, which time of possession shall be upon deposit for those defendants failing to file a request for hearing as provided herein. The order of taking shall not become effective unless the deposit of the required sum is made in the registry of the court. If the deposit is not made within 20 days from the date of the order of taking, the order shall be void and of no further effect. The clerk is authorized to invest such deposits so as to earn the highest interest obtainable under the circumstances in state or national financial institutions in Florida insured by the Federal Government. Ninety percent of the interest earned shall be paid to the petitioner.
(Emphasis added).