948 So.2d 965 (2007)
Phillip A. GOOLSBY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3462.
District Court of Appeal of Florida, Fifth District.
February 16, 2007.
Phillip A. Goolsby, DeFuniak, Pro Se.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant Mr. Goolsby's motion for rehearing, and withdraw our earlier per curiam affirmance and the mandate.[1] In place of our earlier opinion, we substitute the following:
In Goolsby v. State, 914 So.2d 494 (Fla. 5th DCA 2005), we directed the circuit court to reconsider de novo Goolsby's motion for postconviction relief, as the evidentiary hearing had been conducted by a recused judge. On remand, the matter was assigned to a different judge who considered the court file, along with a transcript of the hearing conducted by the disqualified judge. Goolsby's postconviction motion was then denied. On appeal, Goolsby contends that it was error for the court to consider those transcripts. We agree. When we ordered de novo review by a new judge, we contemplated that Goolsby's postconviction motion would either be summarily denied with appropriate references to the record and attachments, or that a new hearing would be conducted. The procedure utilized by the trial court denied it the opportunity to view the witnesses and weigh their credibility.
Accordingly, we reverse the order denying postconviction relief and remand for reconsideration. On remand, the trial court shall either summarily deny the motion with appropriate attachments and references to the record, or conduct a new evidentiary hearing on Goolsby's meritorious claims. If a hearing is conducted, the court shall not consider, except for impeachment or for any other lawful purpose, the earlier postconviction hearing transcripts.
*967 REHEARING GRANTED; REVERSED AND REMANDED.
THOMPSON, ORFINGER and EVANDER, JJ., concur.
NOTES
[1] The mandate in this matter was issued during an earlier term of court although the time for moving for rehearing had not expired. While the general rule is that the mandate may be withdrawn only during the term of court in which it was issued, see State Farm Mut. Auto. Ins. Co. v. Judges of the Dist. Court of Appeal, Fifth Dist., 405 So.2d 980 (Fla. 1981), this Court has recognized a narrow exception for circumstances like those in this case. For example, in Plucinik v. State, 885 So.2d 478 (Fla. 5th DCA 2004), we held that when a mandate was improvidently issued on the erroneous conclusion that no timely motion for rehearing had been filed, it could be withdrawn even though the term of court had already expired. See also Zielke v. State, 839 So.2d 911 (Fla. 5th DCA 2003).