978 So.2d 893 (2008)
Steven Albert BERUBE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4151.
District Court of Appeal of Florida, Second District.
April 18, 2008.
James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Steven Albert Berube appeals an order denying his motion for postconviction relief. Because the postconviction court entered its order after Mr. Berube's motion seeking the disqualification of the judge assigned to the case was deemed granted, the postconviction court had no authority to rule on the motion. Accordingly, we reverse the order denying the postconviction motion and remand for further proceedings before a different judge.

The Facts and Procedural History
On April 14, 2005, Mr. Berube filed his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. After considering the State's response to the motion, the postconviction court granted Mr. Berube an evidentiary hearing on his two claims of ineffective assistance of counsel. On August 26, 2005, Mr. Berube filed a motion to disqualify Judge Richard A. Luce from presiding over the matter. The certificate of service attached to the disqualification motion indicated that a copy of the motion had been served by mail on both the State Attorney and on Judge Luce. The date on the certificate of service was August 23, 2005.
On September 26, 2005, Mr. Berube filed a motion requesting the reassignment of the case to another judge. In this motion, Mr. Berube asserted that the case should be reassigned to another judge because Judge Luce had not ruled on the disqualification motion within thirty days as required by Florida Rule of Judicial Administration 2.160(j).[1] On November 3, 2005, Judge Luce entered an order "dismissing" the disqualification motion on the ground that it was untimely filed.
*894 On the same day that it dismissed his disqualification motion, the postconviction court appointed the public defender to represent Mr. Berube on his postconviction motion. Approximately six months later, the postconviction court held an evidentiary hearing on the postconviction motion. After the hearing, the postconviction court entered an order denying the postconviction motion, and Mr. Berube timely filed his notice of appeal.

Discussion
Rule 2.330(j) of the Florida Rules of Judicial Administration controls the result in this case. The rule provides:
The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.
Fla. R. Jud. Admin. 2.330(j). Thus, once Mr. Berube properly filed and served his motion to disqualify as provided in the rule, the postconviction court was required to rule on the motion within thirty days of its service. Under the rule, the motion is deemed granted because the postconviction court did not rule on it within thirty days. See Schisler v. State, 958 So.2d 503, 505 (Fla. 3d DCA 2007). The postconviction court's omission to rule on the motion within thirty days of its service entitled Mr. Berube to an order directing the clerk of the court to reassign the case. Johnson v. State, 968 So.2d 61, 63 (Fla. 4th DCA 2007); Schisler, 958 So.2d at 504.
Because the motion to disqualify was deemed granted under the rule, the postconviction court had no authority to hear and determine Mr. Berube's motion for postconviction relief. See Goolsby v. State, 914 So.2d 494, 496 (Fla. 5th DCA 2005); Jenkins v. Motorola, Inc., 911 So.2d 196, 197 (Fla. 3d DCA 2005). Accordingly, we reverse the order denying Mr. Berube's postconviction motion, and we remand for further proceedings on the motion. On remand, the case shall be reassigned to a different judge.
Reversed and remanded with instructions.
SILBERMAN and CANADY, JJ., Concur.
NOTES
[1] In 2006, rule 2.160 was renumbered as rule 2.330. See In re Amendments to the Florida Rules of Judicial Administration  Reorganization of the Rules, 939 So.2d 966, 1003-04 (Fla.2006).