NORTHCUTT, Judge.
 

 We previously reversed the denial of Steven Berube’s motion for postconviction relief and remanded for the matter to be
 
 *104
 
 considered anew by a different judge. On remand the motion was denied again, but Berube maintains that the successor judge erred by basing her ruling on a transcript of the evidentiary hearing conducted by the previous judge. We agree and, accordingly, reverse and remand for further proceedings.
 

 Berube’s robbery conviction was based in part on evidence of two confessions he allegedly made to the police. After his conviction, Berube filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He claimed that his trial counsel was ineffective for failing to move to suppress the confessions. The judge presiding over the postconviction proceeding held an evidentiary hearing and then denied Berube’s motion. This court reversed because the judge had failed to timely rule on Berube’s motion for the judge’s disqualification and, under the rules of judicial administration, was for that reason deemed disqualified. We remanded the case for further proceedings before a different judge.
 
 Berube v. State,
 
 978 So.2d 893 (Fla. 2d DCA 2008).
 

 On remand, the successor judge accepted the State’s assertion that she need not conduct a new evidentiary hearing, but instead could dispose of Berube’s claims based on her review of the transcript of the previous hearing. Not so. It is well-established that, absent the consent of all parties, a successor judge may not base her ruling on evidence heard by her predecessor.
 
 Brinkley v. State,
 
 898 So.2d 1175, 1176 (Fla. 2d DCA 2005) (reversing and remanding for successor judge to conduct de novo hearing on motions to suppress) (quoting
 
 Beattie v. Beattie,
 
 536 So.2d 1078, 1079 (Fla. 4th DCA 1988)). In a similar case, the Fifth District found it necessary to reverse a second denial of postconviction relief.
 
 Goolsby v. State,
 
 948 So.2d 965, 966 (Fla. 5th DCA 2007) (explaining that the successor judge should have either summarily denied the motion, with supporting record attachments, or conducted a new evidentiary hearing).
 

 Moreover, even if it had been proper for the successor judge to base her ruling on the transcript of the earlier hearing, the evidence reflected in that transcript did not support her conclusion that counsel’s election to forgo moving to suppress Berube’s confessions was a “sound and reasonable” tactical decision. Be-rube’s trial counsel testified that he saw no basis for moving to suppress because Be-rube denied making the confessions. This was a non sequitur. Nothing requires a defendant to acknowledge confessing as a condition to invoking the Exclusionary Rule.
 
 Cf. Morrison v. State,
 
 818 So.2d 432, 446 (Fla.2002) (noting defendant’s testimony at suppression hearing where he denied making confession; declining to reach merits of suppression ruling where issue not preserved for appeal).
 

 To the contrary, there is no inconsistency between seeking to exclude an opponent’s evidence and disputing the accuracy of that evidence. The question posed by a motion to suppress is whether the manner in which law enforcement obtained evidence requires its exclusion from trial, not whether the evidence is true. In this case, the State intended to introduce evidence that Berube confessed. The circumstances in which the purported confessions were alleged to have been made might have rendered the State’s evidence of them inadmissible regardless of whether Berube admitted making them.
 

 As the successor judge concluded, Be-rube’s trial counsel made a tactical decision not to move to suppress Berube’s confessions. But his asserted basis for that decision was not reasonable. See
 
 Strickland v. Washington,
 
 466 U.S. 668, 690-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring deference to “strategic choices made after thorough investigation
 
 *105
 
 of law” but deferring to “strategic choices made after less than complete investigation ... [only] to the extent that reasonable professional judgments support the limitations on investigation”);
 
 see also Collins v. State,
 
 4 So.3d 1249, 1251-52 (Fla. 4th DCA 2009) (concluding that counsel’s failure to seek suppression of defendant’s statement to police was not justified as tactical decision because the strategy was not reasonable).
 

 All of the foregoing said, we express no opinion on the ultimate issue of Berube’s entitlement to postconviction relief. We reverse and remand for the successor judge to hold an evidentiary hearing on Berube’s claims of ineffective assistance of counsel.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and LaROSE, J., Concur.