PER CURIAM.
The appellant challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of all but one of the appellant’s claims. For the reasons discussed below, we reverse and remand the denial of ground two to the extent the appellant asserts that counsel was ineffective for failing to object when the state impeached him with his post-Miranda[1] silence.
In ground two, the appellant alleges that counsel failed to object when the state impeached him with his post-arrest, post-Miranda silence. He alleges that the prosecutor asked him why he did not talk to the police or tell the police that he acted in self defense. Specifically, he believes counsel should have objected to the following line of questioning:
State: Okay. You told this jury that this Shooting was in self-defense. That’s what your attorney has asked you and that’s what your response was that you shot this man in self-defense?
Defendant: Yes.
State: Okay. Then why did you say no, you didn’t want to talk to the police.
[[Image here]]
State: Why not talk to the police if what you are saying is true.
Defendant: Because I could always talk to them.
State: You could? When?
Defendant: Whenever I got my lawyer.
*1215 State: And did you do that?
Defendant: I got my lawyer.
State: Did you talk to the police?
Defendant: They never came and talked to me.
State: Oh, did you[r] attorney ever invite them to come talk to you and say, hey, we got a meeting?
Defendant: I mean, I figured it was probably too much — too late then.
State: Oh. So you didn’t really want to talk to the police?
Defendant: I mean, I never — it came up. That never — it was never in the conversation.
This line of questioning clearly constituted comments on the appellant’s right to remain silent. See State v. Hoggins, 718 So.2d 761 (Fla.1998) (holding that if comment is fairly susceptible of being construed by the jury as a comment on the defendant’s exercise of his or her right to remain silent, it violates the defendant’s state constitutional right to silence, whether comment was introduced in state’s casein-chief or for impeachment purposes; holding that the state may not impeach a defendant with his post-arrest or post-Miranda silence). Thus, it appears counsel may have been deficient for failing to object to the state’s questions regarding appellant’s post-arrest silence.[2] As the appellant’s defense at trial was self-defense, the state’s highlighting of the fact that he exercised his right to remain silent and did not volunteer information could have been prejudicial. Accordingly, we reverse and remand for the trial court to attach portions of the record refuting appellant’s allegations or to hold an evidentiary hearing.
AFFIRMED in part, REVERSED and REMANDED in part, with directions.
LEWIS, C.J., WOLF and ROBERTS, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. It appears an issue may be whether the appellant waived his right to remain silent by voluntarily talking to the police after he had initially invoked his rights. The Florida Supreme Court has held that the prohibition against commenting on a defendant’s right to remain silent does not apply where a defendant has waived the right. See Hudson v. State, 992 So.2d 96 (Fla.2008) (“Because Hudson waived his right to remain silent, gave interviews to police, and testified at trial, he has not invoked his right to remain silent, and testimony concerning his reluctance to implicate Mejia further was not improper comment on his right not to testify.”). We express no opinion on the matter. That is an issue which may be addressed on remand. See Braddy v. State, 111 So.3d 810 (Fla.2012) (holding that there is a three-part analysis for determining whether a defendant who has initiated further conversation with police after invoking his right to remain silent has waived that right. The three requirements are: (1) that the defendant initiates further conversation; (2) that the defendant is reminded of his or her rights; and (3) that the defendant knowingly and voluntarily waives those rights a second time).