PER CURIAM.
This is the second appeal from denials of Johnnie Floyd’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In Floyd v. State, 129 So.3d 1214, 1215 (Fla. 1st DCA 2014), we reversed in part the denial of the motion, and directed the trial court to address on remand whether counsel’s performance was “deficient for failing to object to the state’s questions regarding appellant’s post-arrest silence,” noting that because “the appellant’s defense at trial was self-defense, the state’s highlighting of the fact that he exercised his right to remain silent and did not volunteer information could have been prejudicial.” On remand, the trial court again denied relief. We now reverse and remand for a new trial.
“[T]o prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel’s performance was deficient — i.e., unreasonable under prevailing professional norms; and (2) that the deficiency prejudiced the defense — i.e., that there is ‘a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ ‘A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ ” *989 Jones v. State, 998 So.2d 573, 582 (Fla.2008) (citations omitted). Although an evi-dentiary hearing was held on remand, the trial court failed to address the question we had identified as crucial on the issue of ineffective assistance. Our own, independent review of the record of the evidentia-ry hearing reveals, however, that there is no competent, substantial evidence from which the trial court could conclude that trial counsel’s failure to object to the line of questioning we quoted in our prior opinion in this matter[1] was a reasonable tactical choice.[2]
Trial counsel’s performance was deficient. “Commenting on the defendant’s exercise of his right to remain silent is serious error.” Rimmer v. State, 825 So.2d 304, 322 (Fla.2002).[3] The line of questioning at issue “clearly constituted comments on the appellant’s right to re *990 main silent.” Floyd, 129 So.3d at 1215. At the evidentiary hearing, trial counsel testified he believed the prosecutor’s questions were improper comments on Mr. Floyd’s silence but that his failure to object was motivated by not wanting to annoy the jury or give the appearance of attempting to hide something from the jury. His stated rationale for not objecting does not square, however, with the fact that he did make two other objections (one without apparent merit and one to admission of inconsequential evidence) during cross-examination of Mr. Floyd.
As we indicated in our prior opinion, there is a reasonable probability that, but for counsel’s failure to object, the result of the proceeding would have been different. The state was proceeding on the premise that a “discrepancy between an exculpatory story at trial and silence at time of arrest gives rise to an inference that the story was fabricated somewhere along the way, perhaps to fit within the seams of the State’s case.” Doyle v. Ohio, 426 U.S. 610, 616, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).[4] “Not only is evidence of silence at the time of arrest generally not very probative of a defendant’s credibility, but it also has a significant potential for prejudice. The danger is that the jury is likely to assign much more weight to the defendant’s previous silence than is warranted. And permitting the defendant to explain the reasons for his silence is unlikely to overcome the strong negative inference that the jury is likely to draw from the fact that the defendant remained silent at the time of his arrest.” United States v. Hale, 422 U.S. 171, 180, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975) (concluding “the respondent’s silence during police interrogation lacked significant probative value and that any reference to his silence under such circumstances carried with it an intolerably prejudicial impact”). There is every reason to believe the objections would have been sustained if they had been made.
Mr. Floyd relied on a theory of self-defense. His credibility was key to the jury’s determination whether he acted in self-defense. Even trial counsel testified that his client was prejudiced because the prosecutor was allowed to ask him “Why not talk to the police if what you are saying is true” and emphasize that Mr. Floyd did not want to talk to the police at the time of his arrest (or afterward).
Reversed and remanded.
BENTON, WETHERELL, and SWANSON, JJ., concur.

. In Floyd v. State, 129 So.3d 1214, 1215 (Fla. 1st DCA 2014), we identified the following line of questioning as "clearly constituting] comments on the appellant's right to remain silent:"
State: Okay. You told this jury that this [s]hooting was in self-defense. That’s what your attorney has asked you and that’s what your response was that you shot this man in self-defense?
Defendant: Yes.
State: Okay. Then why did you say no, you didn’t want to talk to the police!?]
State: Why not talk to the police if what you are saying is true!?]
Defendant: Because I could always talk to them.
State: You could? When?
Defendant: Whenever I got my lawyer.
State: And did you do that?
Defendant: I got my lawyer.
State: Did you talk to the police?
Defendant: They never came and talked to me.
State: Oh, did you[r] attorney ever invite them to come talk to you and say, hey, we got a meeting?
Defendant: I mean, I figured it was probably too much — too late then.
State: Oh. So you didn't really want to talk to the police?
Defendant: I mean, I never — it [never] came up. That never — it was never in the conversation.
Id. at 1214-15.

. See Lukehart v. State, 70 So.3d 503, 512 (Fla.2011) ("Because both prongs of the Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] test present mixed questions of law and fact, this Court employs a mixed standard of review, deferring to the circuit court's factual findings that are supported by competent, substantial evidence, but reviewing the circuit court’s legal conclusions de novo.”); Berube v. State, 33 So.3d 102, 104 (Fla. 2d DCA 2010) (observing, in reversing denial of motion for postconviction relief, that "the evidence re-flectedin that transcript [of the initial eviden-tiary hearing] did not support [the trial judge's] conclusion that counsel's election to forgo moving to suppress Berube’s confessions was a ‘sound and reasonable’ tactical decision”); Casey v. State, 969 So.2d 1055, 1058 (Fla. 4th DCA 2007) (" 'Inquiries into strategic or 'tactical decisions challenged as ineffective assistance of counsel involve both a factual and a legal component. The question of whether an attorney’s actions were actually the product of a tactical or strategic decision is an issue of fact. By contrast, the question of whether" the strategic or tactical decision is reasonable enough to fall within the wide range of professional competence is an issue of law not of fact.’ ” (quoting Provenzano v. Singletary, 148 F.3d 1327, 1330 (11th Cir.1998))).

.See also Downs v. Moore, 801 So.2d 906, 911 (Fla.2001) ("The U.S. Supreme Court has held that the Due Process Clause of the Fourteenth Amendment prohibits the use by the prosecution of a criminal defendant’s post-arrest and post -Miranda silence for impeachment purposes. See Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The Court reasoned that ‘[sjilence in the wake of these warnings may be nothing more than the arrestee’s exercise of these Miranda rights.’ ” (footnote omitted; citations omitted)); State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986) ("[C]omments on silence are high risk errors because there is a substantial likelihood that meaningful comments will vitiate the right to a fair trial_”).

. As noted by Justice Powell, writing for the majority, "every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested” and “it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial.” Doyle v. Ohio, 426 U.S. 610, 617-18, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). ”[T]he error we perceive lies in the cross-examination on this question, thereby implying an inconsistency that the jury might construe as evidence of guilt.” Id. at 619 n. 10, 96 S.Ct. 2240. See also United States v. Hale, 422 U.S. 171, 182-83, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975) (White, J., concurring) ("[W]hen a person under arrest is informed, as Miranda requires, that he may remain silent, ... it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony.”).