STEVENSON, J.
 

 In this appeal, William Arthur Collins challenges the trial court’s denial of his rule 3.850 claims that trial counsel was ineffective in failing to seek suppression of his statement to police and in connection with the entry of his plea. To prevail in a claim of ineffective assistance of counsel, the defendant must establish (1) that “ ‘counsel’s performance was deficient,’ ” i.e., that “ ‘counsel’s representation fell below an objective standard of reasonableness,’ ” and (2) that he was prejudiced.
 
 Sanders v. State,
 
 946 So.2d 953, 956 (Fla.2006) (quoting
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We find that Collins satisfied both
 
 Strickland
 
 prongs with respect to his claim that trial counsel was ineffective for failing to seek suppression of his statement to police. Our conclusion in this regard makes it unnecessary to address Collins’ claims regarding the alleged ineffective assistance surrounding the plea agreement.
 

 In July of 2001, Collins was charged with two counts of aggravated assault with a deadly weapon (counts I and V), robbery with a deadly weapon (count II), battery on a law enforcement officer (count III), depriving an officer of equipment, i.e., her gun (count IV), carjacking with a deadly weapon (count VI), and attempted robbery with a deadly weapon (count VII). These charges stemmed from a July 2001 incident where Collins was alleged to have entered a Subway restaurant, carrying a plastic gun and intending to commit a robbery; to have encountered Officer Peterson and off-duty Officer Romani; to have taken Officer Peterson’s weapon; and then to have committed a carjacking in his attempt to flee. Collins ultimately entered a negotiated no contest plea to counts I, II, III, IV, VI, and VII. Thereafter, Collins filed a motion to withdraw his plea. The motion to withdraw was denied and that ruling was affirmed on appeal.
 
 See Collins v. State,
 
 873 So.2d 335 (Fla. 4th DCA 2004) (Table).
 

 Thereafter, Collins timely filed a rule 3.850 motion, raising a number of claims of ineffective assistance of trial counsel. Collins was ultimately appointed counsel to represent him on his rule 3.850 claims. Only two of the claims in Collins’ rule 3.850 motion are at issue in this appeal— the claim that trial counsel was ineffective for failing to seek to suppress the statements he made to police as they continued to question him following an unequivocal request for counsel and the claim that trial counsel was ineffective for failing to argue that the State had violated the plea agreement by recommending a fifty-year sentence and for advising Collins to enter the plea. An evidentiary hearing was held on these claims and, following the hearing, the trial court denied Collins’ claims. In this appeal, Collins contends that the evidence at the hearing was sufficient to warrant relief under
 
 Strickland.
 
 With respect to the suppression issue, we agree.
 

 Police are not required to stop a custodial interrogation when a suspect, who has waived his
 
 Miranda
 
 rights, makes an equivocal or ambiguous request for counsel.
 
 See State v. Owen,
 
 696 So.2d 715, 717-18 (Fla.1997). Thus, where the statement made by the suspect is such that “a reasonable officer in light of the
 
 *1251
 
 circumstances would have understood only that the suspect
 
 might
 
 be invoking the right to counsel,” police need not terminate questioning and there is no obligation for police to clarify the equivocal or ambiguous request.
 
 Davis v. United States,
 
 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994);
 
 see also Owen,
 
 696 So.2d at 718. When, however, the suspect makes an unequivocal request for counsel, questioning must cease.
 
 See, e.g., Jones v. State,
 
 748 So.2d 1012, 1018 (Fla.1999) (“As the United States Supreme Court and this Court have made clear, once a defendant has invoked his or her right to counsel, a defendant is no longer subject to police interrogation until counsel has been made available or the suspect initiates further communication with the police.”).
 

 In this case, after being read
 
 Miranda
 
 warnings and asked if he wished to talk with police, Collins said “I still would feel more comfortable with a lawyer present, but I don’t see what good it’s gonna do.” The officer responded by telling Collins it was his choice, that he had told Collins what he wanted him to clear up, and that “[a]t any time if you don’t want to answer questions, you just tell me no, you want a lawyer and we will stop it.” Collins replied, “I’d like to speak with legal counsel before I say something that might incriminate me or something that I didn’t do.” The officer said “okay” and then Collins said “I hear all these stories you are telling me but, you know, I need to speak with a lawyer before I say ... [trails off].” The officer responded by telling Collins that the police knew that he was there, that they had his prints, that he had been picked out of a line-up, and that they had the guy to whom Collins had sold or traded the gun. Only then, did Collins indicate that he was agreeing to speak with police in the absence of counsel.
 

 Thereafter, Collins told police
 

 I basically was hungry, I needed something to eat. I couldn’t go back home. I had no where to go. I went in there and told them to make me a sandwich and I was gonna just take the sandwich and run, you know. The police officer came in right when she was getting ready to give me the sandwich and I panicked, I had no idea what to do. I didn’t know what to do. So from that point on everything just went blank. It was — I don’t even know what happened after that. All I know is I ran. I fled the scene as fast as I could.
 

 He also admitted taking the ear from the gas station, knowing who had the rims that were missing from the car, going into the Subway with the gun (which turned out to be plastic) in his waistband and pulling it on the clerk, and picking up a gun and running out the door.
 

 Despite the trial court’s conclusion to the contrary, we find that Collins made an unequivocal request for counsel. The fact that Collins continued to speak with police following such request did not render his requests equivocal given the fact that police never stopped speaking with Collins following his clear invocation of the right to counsel and, instead, proceeded to confront Collins with the evidence they claimed to have against him.
 
 See State v. Brown,
 
 592 So.2d 308 (Fla. 3d DCA 1991). Since the police failed to cease questioning following such unequivocal request for counsel, Collins’ statement was subject to suppression.
 

 This, then, brings us to the alternative basis offered by the trial court to support the denial of rule 3.850 relief — that counsel’s failure to seek suppression was a “reasonable” tactical decision. “Strategic decisions do not constitute ineffective assistance if alternative courses of action have been considered and rejected and counsel’s decision was reasonable under
 
 *1252
 
 the norms of professional conduct.”
 
 Lawrence v. State,
 
 969 So.2d 294, 309 (Fla.2007) (holding failure to file motion to suppress was reasonable tactical decision as statement demonstrated larger culpability of co-defendant). Defense counsel testified that Collins’ statement portrayed him as a homeless drug-addict who only went into the Subway to steal food, that they were attempting to put this sympathetic portrait of Collins before the jury and that this portrait was better admitted via the statement, than having Collins, a ten-time convicted felon, testify. Defense counsel added that she did not believe the statement would be a deciding factor in the case and that she viewed the statement as somewhat self-serving in that Collins never admitted to the carjacking, never admitted to taking the gun from Officer Peterson, and never admitted to going to Ft. Pierce to trade the gun for crack.
 

 Despite counsel’s belief to the contrary, Collins’ statement went a long way toward establishing his guilt. In the statement, Collins admits that he went into the Subway, with the plastic gun in his waistband, intending to steal a sandwich, that he pointed the gun at the clerk, that he took a car from the girl at the gas station and drove to Ft. Pierce, and that, when he got to Ft. Pierce, he realized the gun he had taken from the Subway was not his. Further, from what appears in the record, there was no physical evidence linking Collins to the crimes and the State’s case against him boiled down to the identifications made by Officer Romani and the Subway clerk and the maybe-obtainable testimony of a crack dealer who would say that he got Officer Peterson’s gun from Collins, but who earlier identified someone named “Ron” as the person who provided him the gun. Officer Peterson, carjacking victim Holloway, and attempted robbery victim Terry could not identify Collins. Under these circumstances, we hold that trial counsel’s failure to seek suppression of Collins’ statement to police cannot be justified as a reasonable tactical decision.
 
 See Casey v. State,
 
 969 So.2d 1055, 1058 (Fla. 4th DCA 2007) (holding that whether a strategy or tactic is reasonable is a question of law),
 
 review denied,
 
 984 So.2d 1250 (Fla.2008). We also find that Collins has satisfied
 
 Strickland’s
 
 prejudice prong, i.e., that there is a reasonable probability that but for counsel’s errors, he would not have entered the plea,
 
 see Ey v. State,
 
 982 So.2d 618, 621 (Fla.2008). Collins thus should have been afforded relief with regard to his claim of ineffective assistance of counsel in the failure to seek suppression Of his statement to police.
 

 Accordingly, we reverse the order appealed and remand the case to the trial court with directions that Collins be permitted to withdraw his plea.
 

 Reversed, and Remanded.
 

 DAMOORGIAN, J., and PHILLIPS, CAROL-LISA, Associate Judge, concur.