GROSS, C.J.
Todd Moss appeals his conviction of pet-it theft. Originally, he had been charged with grand theft, arising from his unauthorized use of his employer’s company gas credit card. A jury returned a guilty verdict of the lesser charge. We reverse because the trial judge erred in denying a motion to suppress the custodial statement Moss gave to the police.
At trial, Moss challenged the admission of a taped statement as violating Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). During the statement, the interrogating detective went through the required Miranda warnings, one by one. The following exchange occurred:
Q: No. 7 says: Knowing and understanding your rights as I explained them to you, are you willing to answer my questions without a lawyer present?
Moss: I want a lawyer (unintelligible).
Q: No. 8 says: Have you previously requested any law enforcement officers to allow you to speak to a lawyer? Have you asked me or anybody else, hey, I want to talk to a lawyer today?
Moss: I want to talk to a lawyer.
Q: Before you talk to me?
Moss: Yes.
Q: Okay. So that means, if you request to talk to a lawyer before you talk to me, then we won’t be able to talk about what happened in this incident.
Moss: Okay. But if I speak to you—
Q: ‘Cause I don’t have a lawyer here for you. Do you understand what I’m saying?
Moss: I understand all that.
After this exchange, the interrogation continued.
The trial court determined that Moss’s invocation of his right to an attorney was equivocal and denied the motion to suppress. The state offered the statement into evidence at trial. On appeal, Moss repeats the argument he made to the trial court — that his assertion of the right to counsel was unequivocal and, without a valid waiver, any subsequent interrogation violated Miranda.
“Both the United States and Florida Constitutions provide that persons shall not be ‘compelled’ to be witnesses against themselves in any criminal matter.” Ross v. State, 45 So.3d 403, 412 (Fla.2010) (citing amend. V, U.S. Const.; art. I, § 9, Fla. Const.). To give effect to the Fifth Amendment right against self-incrimination, an accused person has the right to have counsel present during a custodial interrogation, and police must clearly advise the accused of that right. Miranda, 384 U.S. at 467-72, 86 S.Ct. 1602.
When an accused has “expressed his desire to deal with the police only through counsel, [he] is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.” Edwards v. Ari *543 zona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Thus, “[o]nce an individual has invoked his or her right to counsel, police questioning of the person must cease.” Black v. State, 59 So.3d 340 (Fla. 4th DCA 2011); see also Youngblood v. State, 9 So.3d 717, 719 (Fla. 2d DCA 2009).
“[A]t a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney” is a sufficient invocation of rights to require the cessation of further interrogation. McNeil v. Wisconsin, 501 U.S. 171, 178, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). Cases examining the sufficiency of a suspect’s invocation of Miranda rights often characterize a suspect’s statements as either “unequivocal” or “equivocal” requests for counsel. When the “suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, [the law] [does] not require the cessation of questioning.” Davis v. United States, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (emphasis in original).
Here, Moss’s request for a lawyer was unequivocal. During the detective’s reading of the Miranda rights, Moss said, “I want a lawyer (unintelligible)” and “I want to talk to a lawyer.”
It is hard to imagine more unequivocal statements. Compare Shook v. State, 770 So.2d 1261 (Fla. 1st DCA 2000) (holding that “Get me an attorney right now” was an unequivocal request for counsel), and Cannady v. Dugger, 931 F.2d 752, 755 (11th Cir.1991) (holding that “I think I should call my lawyer” was unequivocal); State v. Brown, 287 Ga. 473, 697 S.E.2d 192, (2010) (holding that “I want a lawyer” was unequivocal); State v. Fontenot, 918 So.2d 1096, (La.Ct.App.3d Cir.2005) (holding that “I want a judge. I want a lawyer,” was unequivocal); People v. Gordon, 77 A.D.2d 659, 430 N.Y.S.2d 661, 661-62 (N.Y.App.Div.2d Dep’t.1980) (holding that “I want to talk to a lawyer,” and “I want a lawyer present,” were unequivocal); State v. Consaul, 960 S.W.2d 680, 687-88 (Tex.App.-El Paso 1997) (holding that “Yes, I want a lawyer” was unequivocal); Potts v. Virginia, 35 Va.App. 485, 546 S.E.2d 229, 232-33 (2001) (holding that “I want to talk to a lawyer” was unequivocal), with Cilio v. State, 849 So.2d 353 (Fla. 2d DCA 2003) (holding as equivocal “I have a lawyer, but I don’t know if I can get ahold of him right now,” and his desire for a lawyer depended on “what this is all about, whether I’m going to answer any questions without my lawyer”), and Davis, 512 U.S. at 462, 114 S.Ct. 2350 (holding that “Maybe I should talk to a lawyer” was equivocal).
In arguing that Moss’s request was equivocal, the State points to statements Moss made after his initial request for an attorney. While the United States Supreme Court has held that pre-invocation statements may be used to shed light on the clarity of the request, it has rejected the same analysis for post-invocation statements:
[U]nder the clear logical force of settled precedent, an accused’s postrequest responses to further interrogation may not be used to cast retrospective doubt on the clarity of the initial request itself. Such subsequent statements are relevant only to the distinct question of waiver.
Smith v. Illinois, 469 U.S. 91, 100, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984) (emphasis in original).
 Because Moss’s request was unequivocal, waiver is the next question we must address. Although Moss invoked his *544 right to counsel, the detective ignored the invocation and continued to question him. “[I]f the accused invoked his right to counsel, courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked.” Id. at 95, 105 S.Ct. 490 (citations omitted). Accordingly, “a valid waiver of that right cannot be established by showing only that [the accused] responded to further police-initiated custodial interrogation.” Edwards, 451 U.S. at 484, 101 S.Ct. 1880. The accused must “himself initiate! ] further communication, exchanges, or conversations with the police.” Id. at 484-85, 101 S.Ct. 1880. “This was in effect a prophylactic rule, designed to protect an accused in police custody from being badgered by police officers[.]” Oregon v. Bradshaw, 462 U.S. 1039, 1044, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983).
In this case, the detective disregarded Moss’s invocation of his right to counsel and continued to question Moss in the first breath after the invocation. The detective subtly undermined Moss’s request for a lawyer by referring to the lack of readily available attorneys and hinting that Moss had the choice of speaking with him or going to jail. Further, the detective minimized the value of a lawyer’s as- . sistance by pointing out that he and Moss had already spoken about the case over the telephone. After his request for a lawyer, Moss did not reinitiate further exchanges with law enforcement; the ongoing interrogation never paused.
The continued conversation was a strategy to “wear down [Moss’s] resistance and make him change his mind” about talking with the detective before consulting a lawyer. Black, 59 So.3d 340; see also Virginia v. Ferguson, 278 Va. 118, 677 S.E.2d 45, 49 (2009) (holding in a case with similar facts that “this encounter was one continuous custodial interrogation conducted in such a manner as to deliberately disregard a clear, unambiguous and unequivocal invocation of the right to counsel and coerce [the defendant] to incriminate himself’). In light of this coercion, the state has not met its “heavy burden” to demonstrate that Moss knowingly and intelligently waived his privilege against self-incrimination and the right to counsel. See Youngblood, 9 So.3d at 720.
For these reasons, we hold that the trial court erred in denying the motion to suppress the statement. The admission of the statement into evidence was not harmless error — we cannot say that “there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). We have considered the other points raised on appeal and find them to be either moot or without merit.

Reversed and remanded for a new trial.

HAZOURI and CIKLIN, JJ., concur.