SILBERMAN, Chief Judge.
 

 Sean Thomas Green seeks review of his convictions for various charges in five cases for dealing in stolen property, providing false information on a pawnbroker form, burglary of an unoccupied conveyance, burglary of an unoccupied dwelling, burglary of an unoccupied structure, and grand theft third degree. Green entered guilty pleas and reserved the right to appeal the denial of his motion to suppress his confession in four out of five of those cases.
 
 [1]
 
 We reverse in those four cases because the police violated Green’s
 
 Miranda
 

 [2]
 

 rights by attempting to persuade him to speak with them after Green unequivocally requested counsel.
 

 After Green was developed as a suspect in the crimes, he was brought to the police station to be interviewed by Detectives Freeman, Williford, and Ashley. Detective Freeman began the interview by identifying himself and telling Green why he was there. He established Green’s education level, his general mental status, and that he was not under the influence of any substance. The detective then produced a consent form and told Green, “[W]e like to go through this first and then if you agree, just initial in this box and sign by this one right here.” Green read the form and asked, “What do you want me to do, sign it?” The following exchange then occurred:
 

 Detective Freeman: If you agree to be the interviewee, just initial right here and sign right here.
 

 Green: I agree to be an interviewee but it says if I want to invoke a right to an attorney—
 

 Detective Freeman: At any time—
 

 Green: —and like—
 

 Detective Freeman: —during questioning you can do so.
 

 Green: I’d like to have my attorney questioning — my attorney present during questioning. I’d like to have an attorney present during questioning.
 

 
 *353
 
 Detective Freeman: Okay, so you don’t wanna talk to us right now? ‘Cause we—we can’t produce an attorney right this minute.
 

 Green: Uh, why can’t—
 

 Detective Freeman: Okay and we have—well, it just—it doesn’t work that way.
 

 Green: Okay.
 

 Detective Freeman: You know. We’ll have to do this at a later date if that’s your choice. The thing is, we, we have a lotta things we’d like to talk with you about.
 

 Green: Okay.
 

 [Detective] Williford: Sean, it’s up to you. What do you wanna do?
 

 Green: Uh, we can talk.
 

 Green then confessed to the charged crimes without the benefit of an attorney.
 

 Green argues that his confession was obtained in violation of his
 
 Miranda
 
 rights because he did not freely and voluntarily waive those rights. Green claims that the detectives were required to honor his unequivocal request for counsel by ending the interrogation without further comment. The State argues that Green’s request for counsel was equivocal and, even if it was unequivocal, the detectives were permitted to clarify his request for counsel.
 

 Under
 
 Miranda,
 
 when a suspect who is subject to a custodial interrogation makes an unequivocal request indicating that he wishes to exercise his right to counsel, the interrogation must cease. 384 U.S. at 474, 86 S.Ct. 1602;
 
 see also Youngblood v. State,
 
 9 So.Sd 717, 719 (Fla. 2d DCA 2009). However, if ‘“a reasonable officer in light of the circumstances would have understood only that the suspect
 
 might
 
 be invoking the right to counsel,’ ” the officer may continue questioning and has no obligation to clarify the equivocal statement.
 
 Collins v. State,
 
 4 So.3d 1249, 1250-51 (Fla. 4th DCA 2009) (quoting
 
 Davis v. United States,
 
 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994)).
 

 Here, it is undisputed that Green was subjected to a custodial interrogation. Moreover, Green’s statement that he would “like to have an attorney present during questioning” is an unequivocal invocation of the right to counsel.
 
 See Moss v. State,
 
 60 So.3d 540, 543 (Fla. 4th DCA 2011) (holding that the defendant unequivocally invoked his right to counsel when he stated, “I want to talk to a lawyer.”).
 

 After Green made this unequivocal request for counsel, the detectives should have ceased interrogation until counsel was provided unless Green himself initiated further communication with the detectives.
 
 See Stein v. State,
 
 632 So.2d 1361, 1364 (Fla.1994). The term “interrogation” is not limited to direct questioning but also includes any words or actions by law enforcement officers “that the police should know are reasonábly likely to elicit an incriminating response from the suspect.”
 
 Rhode Island v. Innis,
 
 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (footnotes omitted);
 
 see also Cuervo v. State,
 
 967 So.2d 155, 164 (Fla.2007).
 

 The record reflects that, instead of ceasing interrogation until counsel was provided, Detective Freeman continued with the interrogation and undermined Green’s request for counsel by stating that there was a lot to talk about, that counsel could not be provided “right this minute,” and that “it doesn’t work that way.”
 
 See Moss,
 
 60 So.3d at 544 (“The detective subtly undermined Moss’s request for a lawyer by referring to the lack of readily available attorneys and hinting that Moss had the choice of speaking with him or going to jail.”). Green did not pursue communication with the detectives after invoking his right to counsel. Rather, the detectives simply continued their efforts to get Green to answer their questions.
 

 
 *354
 
 The State argues that the detectives’ actions were proper under
 
 Serrano v. State,
 
 15 So.3d 629, 635 (Fla. 1st DCA 2009),
 
 review denied,
 
 26 So.3d 582 (Fla. 2010),
 
 cert. denied,
 
 — U.S. -, 130 S.Ct. 3391, 177 L.Ed.2d 310 (2010), in which the First District stated that law enforcement officers may ask “harmless questions to clarify a suspect’s assertion of the right to counsel.” We note that at least one court has suggested that
 
 Serrano
 
 contravenes
 
 Miranda’s
 
 holding that the police must cease questioning altogether when a defendant makes an unequivocal request for counsel during a custodial interrogation.
 
 See Black v. State,
 
 59 So.3d 340, 346 n. 6 (Fla. 4th DCA 2011). Regardless,
 
 Serrano
 
 is distinguishable because the detectives’ comments to Green were not harmless questions made for the purpose of clarifying his request for counsel but were designed to get him to change his mind about obtaining counsel.
 

 Based on the detectives’ failure to cease questioning when Green unequivocally requested counsel, Green’s confession was illegally obtained. Thus, the trial court erred in denying Green’s motion to suppress. We therefore reverse Green’s judgments and sentences in case nos. 09-CF-15453, 09-CF-15586, 09-CF-15588, and 09-CF-15589. We affirm Green’s judgment and sentence in case no. 09-CF-15587 without prejudice to any right he might have to challenge the voluntariness of his plea by filing a motion to withdraw plea.
 

 Affirmed in part, reversed in part, and remanded.
 

 CASANUEVA, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.
 

 [1]
 

 . At the change-of-plea hearing, Green attempted to reserve his right to appeal the denial of his motion to suppress in all five of his cases. However, the trial court did not make a finding regarding whether the motion was dispositive. After he filed his notice of appeal, Green recognized this omission and asked this court to relinquish jurisdiction for the trial court to make such a finding. This court granted the request. The parties then stipulated that the motion to suppress was dispositive in all cases except case no. 09-CF-15587, and the trial court issued an order in conformance with this stipulation. Green filed his initial brief challenging the propriety of the denial of the motion to suppress as to case nos. 09-CF-15453, 09-CF-15586, 09-CF-15588, and 09-CF-15589. He also requests that he be allowed to withdraw his plea in case no. 09-CF-15587 on remand.
 

 [2]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).