STEVENSON, J.
 

 The defendant appeals his convictions for kidnapping, three counts of sexual battery, burglary of a conveyance and burglary of an occupied conveyance. Key evidence admitted at trial in support of the state’s case was obtained from the defendant’s apartment which was searched after the defendant gave his consent during an interrogation. Because the defendant asked a clear question about his
 
 Miranda
 

 [1]
 

 rights during this interrogation, and was given an incomplete and evasive answer by the interrogating officers, questioning should have stopped prior to the defendant giving his consent to search. We reverse his convictions because of the admission of this evidence at trial.
 

 Prior to questioning the defendant, the officers read the defendant his
 
 Miranda
 
 rights and the defendant waived those rights. As the officers questioned the defendant about his involvement in multiple crimes including a police shooting and a gas station robbery, the defendant expressed concern about possible sentences that he could receive. The following exchange then occurred:
 

 Defendant: Can someone tell me what my options are? I don’t know the law ... I need to know what I can do....
 

 Detective: Here’s the problem, you’re taking care of the thing with the officer ... but if you don’t take care of all of these things....
 

 Defendant: ... [WJhat am I looking at?
 

 Detective: ... I can’t tell you.
 

 Defendant:
 
 Who can tell me? You got a lawyer here? Can we get a lawyer here that can tell me ... ?
 

 Detective:
 
 No, let me ask you this. We don’t have any lawyers who work here. Let me ask you this. Was it drug related?
 

 Seconds later, the defendant consented to police officers searching his apartment which uncovered the physical evidence utilized in the instant case. The defendant raised this issue before the trial court by way of a motion to suppress, arguing that his consent was obtained in violation of his right to counsel. Constitutional issues
 
 *532
 
 that rely on mixed questions of law and fact are reviewed de novo.
 
 See Rozzo v. State,
 
 75 So.3d 409, 412-13 (Fla. 4th DCA 2011).
 

 “Once a suspect has validly waived his or her
 
 Miranda
 
 rights, officers are not required to stop an interrogation unless the suspect unequivocally invokes those rights.”
 
 Bailey v. State,
 
 31 So.3d 809, 812 (Fla. 3rd DCA 2009),
 
 review denied,
 
 36 So.3d 83 (Fla.2010). An officer may continue questioning if ““a reasonable officer in light of the circumstances would have understood only that the suspect
 
 might
 
 be invoking the right to counsel.” ”
 
 Green v. State,
 
 69 So.3d 351, 353 (Fla. 2d DCA 2011) (quoting
 
 Collins v. State,
 
 4 So.3d 1249, 1250-51 (Fla. 4th DCA 2009) (quoting
 
 Davis v. United States,
 
 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994))). However, “if, at any point during custodial interrogation, a suspect asks a clear question concerning his or her rights, the officer must stop the interview and make a good-faith effort to give a simple and straightforward answer.”
 
 State v. Glatzmayer,
 
 789 So.2d 297, 303 (Fla.2001) (quoting
 
 Almeida v. State,
 
 737 So.2d 520, 525 (Fla.1999)).
 

 In the instant case, the defendant asked a clear question concerning his rights when he asked what his options were, stated that he did not know what the law was and asked “can we get a lawyer here?” The detective merely asserted that there were no lawyers on the staff and failed to provide a “simple and straightforward answer” to the question posed. The officer was required to properly answer the defendant’s question regarding his
 
 Miranda
 
 rights before resuming the interrogation.
 
 See Almeida,
 
 737 So.2d at 525. The failure to stop the interrogation to answer the defendant’s question tainted the subsequent consent to search, which, in turn, tainted the evidence seized. Because of this, the evidence discovered during the search of the defendant’s apartment should have been suppressed.
 
 See Traylor v. State,
 
 596 So.2d 957, 968 (Fla.1992) (noting that evidence obtained by the State in contravention of the right to counsel may not be used by the State). Because the physical evidence uncovered in the apartment was so important to the prosecution’s case, we cannot find that “there is no reasonable possibility that the error contributed to the conviction.”
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986).
 

 Lastly, we find no error in the trial court’s admission of expert testimony regarding duct-tape-tear analysis from state’s witness Bruce Ayala. Accordingly, because of the improper admission of evidence which should have been suppressed, we reverse and remand for a new trial.
 

 Reversed.
 

 WARNER and CONNER, JJ., concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).