DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LESHANNON JEROME SHELLY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1910

[June 1, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312011CF001538A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Leshannon Shelly appeals his judgment and sentence after the trial court denied his motion to suppress a videotaped confession and a jury found him guilty of first degree murder with a firearm and attempted first degree murder with a firearm. Shelly argues his confession should have been suppressed because (1) he invoked his right to an attorney and (2) his confession was involuntary based on the investigator's discussions with him regarding the death penalty. We affirm as to the second argument, without discussion, satisfied that the discussion was a proper interrogation tactic, "[m]erely informing a suspect of realistic penalties and encouraging him to tell the truth." *See Nelson v. State*, 688 So. 2d 971, 974 (Fla. 4th DCA 1997). We also affirm as to the first issue, for the reasons stated below.

Officers responded to reports of gunshots fired, and found one victim dead and the other critically injured. The next day, after hearing rumors of his involvement in the shootings, Shelly voluntarily went to the jail to speak to investigators. During the course of the interrogation, it is

uncontested that Shelly unequivocally invoked his right to speak to an attorney. However, the record also reveals that Shelly continued the conversation with investigators, requesting, more than once, that the officers follow up on his alleged alibi by calling his mother.

"When an accused has 'expressed his desire to deal with the police only through counsel, [he] is not subject to further interrogation by the authorities until counsel has been made available to him, *unless* the accused himself initiates further communication, exchanges, or conversations with the police.'" *Moss v. State*, 60 So. 3d 540, 542-43 (Fla. 4th DCA 2011) (alteration in original) (emphasis added) (quoting *Edwards v. Arizona,* 451 U.S. 477, 484-85 (1981)). In reviewing the record, we are satisfied that, given the totality of the circumstances and the statements made by Shelly, he was the one who reinitiated communications with the officers. Since he was the catalyst for further conversation, which eventually led to his confession, we affirm the trial court's order denying his motion to suppress the videotape.

*Affirmed.*

WARNER and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**