IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KEENON LAMAR RHODES,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5852

Opinion filed May 19, 2017.

An appeal from the Circuit Court for Alachua County.
Robert Groeb, Judge.

Andy Thomas, Public Defender, Christopher F. Busch and Benjamin R. Kelley, Special Assistant Public Defenders, Busch & Kelley, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Tayo Popoola, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant, Keenon Lamar Rhodes, appeals his conviction of the following offenses: (I) – (II) burglary while armed with a firearm; (III) possession of a controlled substance without a prescription; and (IV) resisting an officer without violence. We reverse due to trial court error in denying Appellant's Motion to

Suppress, which sought to suppress statements he made during a custodial interrogation by police. The following exchange is under review:

**Appellant:** Man, I'm not no lawyer.

**Officer:** What's up?

**Appellant:** I said I'm not no lawyer. I need to see a lawyer.

**Officer:** Okay. Well, what I'm telling you is this. They said you were observed in a vehicle, rummaging through a vehicle.

The Fifth Amendment right against self-incrimination requires an accused person be made aware that he is entitled to counsel during a custodial interrogation. Moss v. State, 60 So. 3d 540, 542 (Fla. 4th DCA 2011) (citing Miranda v. Arizona, 384 U.S. 436, 467-72 (1966)). Once the right to counsel is invoked, police questioning is required to cease. Moss, 60 So. 3d at 543 (citing Black v. State, 59 So. 3d 340, 345 (Fla. 4th DCA 2011)). There are no magic words an accused person must use in order to invoke their right to counsel. State v. Owen, 696 So. 2d 715, 719 (Fla. 1997). Whether an accused person has invoked his right to counsel hinges on whether the invocation is clear and unambiguous. Spivey v. State, 45 So. 3d 51, 54 (Fla. 1st DCA 2010). "'[A]t a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney' is a sufficient invocation of rights to require the cessation of further interrogation." Moss, 60 So. 3d at 543 (quoting McNeil v. Wisconsin, 501 U.S. 171, 178 (1991)).

2

In the present case, a review of the Appellant's interrogation establishes he made a clear, unequivocal request for counsel when he stated, "I need to see a lawyer." The officer disregarded Appellant's invocation of his right to counsel and continued the conversation without acknowledging the statement. A lengthy interrogation followed, during which inculpatory statements were made by Appellant.

In Moss, the Fourth District reversed the denial of a motion to suppress and noted, "[i]t is hard to imagine more unequivocal statements," than "I want a lawyer," and "I want to talk to a lawyer." 60 So. 3d at 543. Similarly, here, because Appellant's statement, "I need to see a lawyer," was a clear and unequivocal request for counsel, we hold that the trial court erred in denying Appellant's Motion to Suppress.

Reversed and remanded for a new trial. Appellant's Motion to Suppress is hereby granted, and all portions of the recorded interview after Appellant's invocation of his right to counsel are to be suppressed.

WETHERELL, and M.K. THOMAS, JJ., CONCUR; B.L. THOMAS, J., DISSENTS WITH OPINION.

B.L.THOMAS, J. DISSENTS.

I respectfully dissent, because the order denying Appellant's motion to suppress should be affirmed under the authority of *Jones v. State*, 748 So. 2d 1012 (Fla. 1999), and *State v. Owen*, 696 So. 2d 715 (Fla. 1997). Appellant's comments regarding his "need to see a lawyer," taken in context, were not an unequivocal request for an attorney or for a cessation of questioning. As the supreme court noted in *Jones*, "once there has been a knowing and voluntary waiver of the *Miranda* rights . . . 'law enforcement officers may continue questioning until and unless the suspect **clearly** [unequivocally] requests an attorney.'" *Jones*, 748 So. 2d at 1020 (quoting *Owen,* 696 So. 2d at 719).

In *Jones,* the defendant stated that he "wanted to speak 'to his mother, his attorney, and Detective Parker.'" *Id.* The court rejected the defendant's argument that he had revoked his waiver of *Miranda* rights, describing the statement as "at most an equivocal statement regarding counsel." *Id.* In rejecting the argument, the supreme court quoted its earlier opinion in *Long v. State*, wherein it stated that the defendant's comment, "'I think I might need an attorney,'" was an equivocal request for counsel. 517 So. 2d 664, 667 (Fla. 1987), *receded from on other grounds, Owen*, 696 So. 2d at 720. The supreme court also relied on its earlier opinion in *Waterhouse v. State*, where the defendant stated, "I think I want to talk to an attorney before I say anything else," and the supreme court held that police interrogation could

4

continue "because appellant did not express a desire to deal with the police only through counsel." 429 So. 2d 301, 305 (Fla. 1983), *receded from on other grounds*, *Owen,* 696 So. 2d at 720.

The Fourth District's holding in *Moss v. State*, 60 So. 3d 540, 542 (Fla. 4th DCA 2011), is not controlling here. While the majority holds that our sister court's opinion in *Moss* is factually similar, any similarities *Moss* shares with the instant case conflicts with *Jones*, which should control because it is binding.

A review of Appellant's interrogation and the context of the conversation demonstrates that Appellant's comments were, at best, merely "equivocal statement[s] regarding counsel" and did not in any way show that Appellant wanted to "deal with police only through counsel." *Jones*, 748 So. 2d at 1020. I would affirm the trial court's order denying Appellant's motion to suppress.