PER CURIAM.
Appellant, Keenon Lamar Rhodes, appeals his conviction of the following offenses: (I)—(II) burglary while armed with a firearm; (III) possession of a controlled substance without a prescription; and (IV) resisting an officer without violence. We reverse due to trial court error in denying Appellant’s Motion to Suppress, which sought to suppress statements he made during a custodial interrogation by police. The following exchange is under review:
Appellant: Man, I’m not no lawyer.
Officer: What’s up?
Appellant: I said I’m not no lawyer. I need to see a lawyer.
Officer: Okay. Well, what I’m telling you is this. They said you were observed in a vehicle, rummaging through a vehicle.
The Fifth Amendment right against self-incrimination requires an accused person be made aware that he is entitled to counsel during a custodial interrogation. Moss v. State, 60 So.3d 540, 542 (Fla. 4th DCA 2011) (citing Miranda v. Arizona, 384 U.S. 436, 467-72, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). Once the right to counsel is invoked, police questioning is required to cease. Moss, 60 So.3d at 543 (citing Black v. State, 59 So.3d 340, 345 (Fla. 4th DCA 2011)). There are no magic words an accused person must use in order to invoke their right to counsel. State v. Owen, 696 So.2d 715, 719 (Fla. 1997). Whether an accused person has invoked his right to counsel hinges on whether the invocation is clear and unambiguous. Spivey v. State, 45 So.3d 51, 54 (Fla. 1st DCA 2010), “ ‘[A]t a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney’ is a sufficient invocation of rights to require the cessation of further interrogation.” Moss, 60 So.3d at 543 (quoting McNeil v. Wisconsin, 501 U.S. 171, 178, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991)).
In the present case, a review of the Appellant’s interrogation establishes he made a clear, unequivocal request for counsel when he stated, “I need to see a lawyer.” The officer disregarded Appellant’s invocation of his right to counsel and continued the conversation without acknowledging the statement. A lengthy interrogation followed, during which inculpa-tory statements were made by Appellant.
*253 In Moss, the Fourth District reversed the denial of a motion to suppress and noted, “[i]t is hard to imagine more unequivocal statements,” than “I want a lawyer,” and “I want to talk to a lawyer.” 60 So.3d at 543. Similarly, here, because Appellant’s statement, “I need to see a lawyer,” was a clear and unequivocal request for counsel, we hold that the trial court erred in denying Appellant’s Motion to Suppress.
Reversed and remanded for a new trial. Appellant’s Motion to Suppress is hereby granted, and all portions of the recorded interview after Appellant’s invocation of his right to counsel are to be suppressed.
WETHERELL, and M.K. THOMAS, JJ., CONCUR; B.L. THOMAS, J., DISSENTS WITH OPINION.