B.L.THOMAS, J.
DISSENTS.
I respectfully dissent, because the order denying Appellant’s motion to suppress should be affirmed under the authority of Jones v. State, 748 So.2d 1012 (Fla. 1999), and State v. Owen, 696 So.2d 715 (Fla. 1997). Appellant’s comments regarding his “need to see a lawyer,” taken in context, were not an unequivocal request for an attorney or for a cessation of questioning. As the supreme court noted in Jones, “once there has been a knowing and voluntary waiver of the Miranda rights ... ‘law enforcement officers may continue questioning until and unless the suspect clearly [unequivocally] requests an attorney.’ ” Jones, 748 So.2d at 1020 (quoting Owen, 696 So.2d at 719).
In Jones, the defendant stated that he “wanted to speak ‘to his mother, his attorney, and Detective Parker.’ ” Id. The court rejected the defendant’s argument that he had revoked his waiver of Miranda rights, describing the statement as “at most an equivocal statement regarding counsel.” Id. In rejecting the argument, the supreme court quoted its earlier opinion in Long v. State, wherein it stated that the defendant’s comment, “ T think I might need an attorney,’” was an equivocal request for counsel. 517 So.2d 664, 667 (Fla. 1987), receded from on other grounds, Owen, 696 So.2d at 720. The supreme court also relied on its earlier opinion in Waterhouse v. State, where the defendant stated, “I think I want to talk to an attorney before I say anything else,” and the supreme court held that police interrogation could continue “because appellant did not express a desire to deal with.the police only through counsel.” 429 So.2d 301, 305 (Fla. 1983), receded from on other grounds, Owen, 696 So.2d at 720.
The Fourth District’s holding in Moss v. State, 60 So.3d 540, 542 (Fla. 4th DCA 2011), is not controlling here. While the majority holds that our sister court’s opinion in Moss is factually similar, any similarities Moss shares with the instant case conflicts with Jones, which should control because it is binding.
A review of Appellant’s interrogation and the context of the conversation demonstrates that Appellant’s comments were, at best, merely “equivocal statements] regarding counsel” and did not in any way show that Appellant wanted to “deal with police only through counsel.” Jones, 748 So.2d at 1020. I would affirm the trial court’s order denying Appellant’s motion to suppress.